IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHAD E. OSTERHOUT<br><br>*Plaintiff*,<br><br>v.<br><br>1. JASON TIMMS,<br>2. KENDALL MORGAN,<br>3. LEFLORE COUNTY SHERIFF, in his official capacity,<br><br>*Defendants*, | Case No. CIV-20-264-RAW |

## ORDER

On March 20, 2017, Plaintiff filed an action in this court, Case No. CIV-17-99, against Jason Timms, Kendall Morgan, and the Board of County Commissioners of LeFlore County, Oklahoma, bringing claims of excessive force, assault and battery, and negligent excessive force. Plaintiff alleged that on or about June 27, 2015, he was lawfully driving a motorcycle down a road in LeFlore County when Jason Timms and Kendall Morgan began following him closely. He alleged that after he stopped twice and they did not turn on their lights, he turned down a dirt road, at which point they turned on their lights. He alleged that when he came to a complete stop, they hit the back tire of his motorcycle, pushing him and the motorcycle off the road and into a ditch. Plaintiff alleged that he got up, stood with his hands over his head, and did not flee or resist, yet the officers violently assaulted him, breaking his nose, striking him in the ribs, and sending him to the hospital.

In his 2017 Complaint, Plaintiff also alleged that the officers wrote him several tickets, including for driving under the influence of alcohol or other intoxicating substances ("DUI").

Plaintiff alleged that he attended the court date written on his tickets, which was July 16, 2015, but was told here was no case filed against him.  He returned again that summer, but was again told that there was no record of any charges or of any case filed against him.  Finally, on November 16, 2015, charges were filed against him – not for the DUI charge, but instead for "attempting to elude a police officer" and "resisting an officer."  Plaintiff alleged the charges were "false," "trumped up," and were filed to cover up the excessive use of force and assault on Plaintiff.  Nevertheless, Plaintiff did not bring any claims based on the charges filed against him.

Plaintiff filed the instant action on August 30, 2020 and amended his Complaint on November 10, 2020.  Plaintiff alleges many of the same facts, but with more detail, post-discovery in the 2017 action.  Only now Plaintiff brings 42 U.S.C. § 1983 claims of malicious prosecution in violation of the Fourth and/or Fourteenth Amendments to the United States Constitution.  Plaintiff again references the allegedly false November 16, 2015 charges and states that on August 26, 2017, he voluntarily turned himself in to face and oppose those charges.  On August 2, 2018, the charge of "attempting to elude a police officer" was changed to "speeding in excess of lawful maximum (1-10 mph) over" and the charge of "resisting an officer" was dismissed with costs to the State.  Plaintiff pleaded "*nolo contendere*" to the speeding charge and paid the fine.

Now before the court are motions to dismiss by the LeFlore County Sheriff [Docket No. 25], by Kendall Morgan [Docket No. 26], and by Jason Timms [Docket No. 27].  Defendants argue that Plaintiff's § 1983 malicious prosecution claims should be dismissed as barred by the claim-splitting doctrine and that he has failed to state plausible claims for malicious prosecution against them in any event.  For the reasons stated below, the motions are hereby denied.

### **Claim-Splitting Doctrine**

Defendants argue that Plaintiff's claims in this action are barred by the claim-splitting doctrine. "The rule against claim-splitting requires a plaintiff to assert all of [his] causes of action arising from a common set of facts in one lawsuit." *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011). The purpose of the claim-splitting doctrine is to preserve "scarce judicial resources" and "the efficient and comprehensive disposition of cases." *Id*. (citation omitted).

To apply claim preclusion, "three elements must exist: (1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017) (citation omitted). The first element is assumed for purposes of application of the claim-splitting doctrine. *Katz*, 655 F.3d at 1219 ("Our precedent cannot be clearer: the test for claim splitting is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit.")

The second element is also met. Plaintiff is the same in both actions. Defendants Morgan and Timms are named in both actions. In the first action, Plaintiff sued the Board of County Commissioners of LeFlore County. In this action, he names the LeFlore County Sheriff. As the County argues, these Defendants are privies sufficient to satisfy the second element. "Whatever the outer boundaries of privity may be, this court has long held that "[a]t a minimum, privity requires a showing that the parties in the two actions are 'really and substantially in interest the same.'" *Lenox*, 847 F.3d at 1241 (citation omitted). The LeFlore County Board of County Commissioners and the LeFlore County Sheriff are really and substantially in interest the same, and thus are privies with regard to Plaintiff's claims. Plaintiff does not dispute that the first two elements are met.

The parties dispute whether the third element – identity of the cause of action in both suits – is met. In determining this element, the Tenth Circuit has adopted the transactional approach, which provides that "a claim arising out of the same 'transaction, or series of connected transactions' as a previous suit, which concluded in a valid and final judgment, will be precluded." *Hatch v. Boulder Town Council*, 471 F.3d 1142, 1149 (10th Cir. 2006) (citing *Yapp v. Excel Corp.*, 186 F.3d 1222, 1227 (10th Cir. 1999)). "What constitutes the same transaction or series of transactions is 'to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" *Id*.

While Plaintiff mentioned the charges for "attempting to elude a police officer" and "resisting an officer" in his 2017 civil action, he did not include any claims based on those charges. In fact, he did not have a ripe claim for malicious prosecution at the time he filed the 2017 action. Plaintiffs' malicious prosecution claims were not ripe until August 2, 2018 when the charges for "attempting to elude a police officer" and "resisting an officer" were dismissed. *See Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (holding that a criminal defendant's claim for malicious prosecution does not accrue until he receives a favorable termination of the criminal proceeding).

Defendants argue, however, that Plaintiff had opportunity to bring the malicious claims in the 2017 action before it concluded. Defendants note that an amended scheduling order was entered in the 2017 action after Plaintiff's malicious prosecution claims were ripe and argue that he should have sought leave to amend to add the claims. They argue that because his claims are based on the same transaction or series of transactions and he did not seek leave to amend his

4

complaint in the 2017 action to include the malicious prosecution claims after they were ripe, he is precluded from bringing them now. The court does not agree.

"Under the transactional test, a claim should not be precluded merely because it is based on facts that arose prior to the entry of judgment in the previous action." *Hatch*, 471 F.3d at 1149-1150 (citing *Mitchell v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir. 2000) and noting dicta in that case: "'we agree with those courts holding the doctrine of claim preclusion does not necessarily bar plaintiffs from litigating claims based on conduct that occurred after the initial complaint was filed' in the previous suit."). The filing of a complaint "frames the scope of litigation, establishing a transactional nexus into which facts and claims are fitted or excluded for purposes of claim preclusion." *Id*. at 1150. "'New' claims, *arising after the complaint has been filed, but before judgment*, may be excluded from this transactional nexus, and thus be litigated in a subsequent action. *Id*. (emphasis added).

The Hatch Court cites *Waad v. Farmers Ins. Exch.*, 762 F. App'x 256, 261 (6th Cir. 2019), in which the Sixth Circuit held that plaintiffs were entitled to file a second lawsuit with malicious prosecution claims that accrued after the filing, but before the judgment in a prior lawsuit. It held that the plaintiffs were not required to amend their original complaint because "an action need include only the portions of the claim due at the time of commencing that action," so "the opportunity to file a supplemental complaint is not an obligation."

As Defendants argue, "[u]nder the transactional test, a new action will be permitted only where it raises new and independent claims, not part of the previous transaction, based on the new facts." *Hatch*, 471 F.3d at 1150. The malicious prosecution claims are new and independent claims, not part of the previous action, and are based on new facts. The malicious prosecution claims were not ripe at the time Plaintiff filed his 2017 action. Moreover, Plaintiff

did not include any claims based on the charges brought against him in his 2017 action. The malicious prosecution claims are not barred by the claim-splitting doctrine.

### **Failure to State a Claim**

For purposes of the motion to dismiss, the court accepts as true all well-pleaded facts in the Amended Complaint and construes those facts in the light most favorable to Plaintiff. *Western Watersheds Project v. Michael,* 869 F.3d 1189, 1193 (10th Cir. 2017). Of course, the court does not accept as true conclusory statements or legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive the motion to dismiss, the Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff must nudge his "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

The Tenth Circuit has held that the "*Twombly/Iqbal* standard is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citing *Robbins v. Oklahoma*, 519 F.3d, 1242, 1247 (10th Cir. 2008)). "In other words, *Rule 8(a)(2) still lives*." *Id*. (emphasis added). "Under Rule 8, *specific facts are not necessary*; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235-36 (10th Cir. 2013) (quoting *Khalik*, 671 F.3d at 1191) (emphasis added).

To state a § 1983 claim for malicious prosecution, a Plaintiff must plead the following elements: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008). Plaintiff may seek relief from police officers for malicious prosecution. *Pierce v. Gilchrist*, 359 F.3d 1279, 1292-93 (10th Cir. 2004).

> To satisfy the second element of this test, the plaintiff must show more than just the withdrawal or vacating of criminal charges—the plaintiff must demonstrate that the criminal proceedings were dismissed for reasons indicative of innocence, and not because of an agreement of compromise, an extension of clemency, or technical grounds having little or no relation to the accused's guilt.

*M.G. v. Young*, 826 F.3d 1259, 1262 (10th Cir. 2016).

Defendants argue that the dismissal of the criminal charges against Plaintiff at the request of the prosecution does not establish that the action was terminated in Plaintiff's favor and leaves the question of his innocence unresolved. Defendants further argue that Plaintiff cannot establish that the underlying criminal proceedings against him were without probable cause. These arguments may prove to be true, but are more appropriately addressed at the summary judgment stage. Plaintiff has plausibly pleaded his claims against Defendants.

### Conclusion

The motions to dismiss [Docket Nos. 25, 26, and 27] are hereby DENIED.

**IT IS SO ORDERED** this 18th day of February, 2021.

                                                                                    *[signature: Ronald A. White]*
                                                                                    **THE HONORABLE RONALD A. WHITE**
                                                                                    **UNITED STATES DISTRICT JUDGE**
                                                                                    **EASTERN DISTRICT OF OKLAHOMA**