## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

**CHAD E. OSTERHOUT,**

                             **Plaintiff,**

**v.**                                                      **Case No. 20-CV-264-RAW**

**JASON TIMMS**
**KENDALL MORGAN**
**LEFLORE COUNTY SHERIFF, in his**
**official capacity**
                             **Defendant.**

## <u>ORDER</u>

Comes now for consideration the Amended Motion for Summary Judgment of Defendant Jason Timms and Brief in Support [Dkt. No. 137], Defendant Kendall Morgan's Motion for Summary Judgment and Brief in Support [ Dkt. No. 138], and Defendant LeFlore County Sheriff's Motion for Summary Judgment and Brief in Support [Dkt. No. 136].  Based on the record submitted by the parties, the Court find that the Defendants' Motions for Summary Judgment should be granted.

## FACTUAL BACKGROUND

The present case arises out of a traffic stop conducted by Leflore County Undersheriff Kendall Morgan ("Officer Morgan") and Leflore County Deputy Jason Timms ("Deputy Timms"). Dkt. No. 137 at 2. Officer Morgan and Deputy Timms followed a black motorcycle leaving a residence and observed it allegedly speeding and failing to stop at a stop sign. Eventually, the motorcycle pulled over and the two officers attempted to arrest the Plaintiff, Chad E. Osterhout, ("Mr. Osterhout"). This arrest gave rise to the Plaintiff's first lawsuit wherein he brought a claim pursuant to 42 U.S.C. § 1983 for excessive force, state law assault and battery, and negligent use of excessive force against Officer Morgan and Deputy Timms. 17-CV-99-RAW Dkt. No. 78

1

("Osterhout I"). Defendants Morgan and Timms raised a qualified immunity defense. This Court held that Defendant Timms was entitled to Summary Judgment on the basis of qualified immunity, however, Defendant Morgan's motion for Summary Judgment was denied as to Plaintiff's federal claim and the two state law claims were not dismissed against the County. *Id* at 12. At trial the Jury found in favor of the Plaintiff awarded him a total of $2,875,000.00 against defendant Kendall Morgan and $125,000.00 against the Board of County commissioners of LeFlore County. *See Id*. at Dkt. No. 175.

In the present case, the Plaintiff now alleges malicious prosecution in violation of his Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 against Officer Morgan, Deputy Timms, and the LeFlore County Sheriff in his official capacity. After the initial arrest, an ambulance transported Mr. Osterhout to a hospital where the two officers, Timms and Morgan waited with him for approximately five (5) hours. Morgan and Timms issued a ticket to Mr. Osterhout, but charges were not filed until approximately five (5) months after the initial arrest. *See* Dkt. No. 136-13 at p. 1. It is undisputed between the parties that the Plaintiff was initially charged with resisting arrest and eluding an officer. The resisting arrest charge was dismissed and with respect to the eluding an officer charge the Plaintiff pled nolo contedere to a reduced charge of speeding in lieu of the evading an officer charge. Dkt. No. 136 Ex. 13 & 18.

### STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) F.R.Cv.P. An issue is genuine if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. An issue of fact is material if under the substantive law it is essential to the proper disposition of the claim. *Sidlo* v. *Millercoors, LLC*, 718 Fed.Appx. 718,

725 (10th Cir.2018). When applying this standard, the court views the evidence and draws reasonable inferences therefrom in the light most favorable to the nonmoving party. *Doe* v. *City of Albuquerque*, 667 F.3d 1111, 1122 (10th Cir.2012). In weighing the proof, this court should "not weigh the evidence, pass on the credibility of witnesses, or substitute [its] judgment for that of the jury." *Marquez* v. *City of Albuquerque*, 399 F.3d 1216, 1220 (10th Cir. 2005) quoting *Questar Pipeline Co*. v. *Grynberg*, 201 F.3d 1277, 1284 (10th Cir. 2000).

"This court reviews summary judgments based on qualified immunity differently than other summary judgments. When a defendant asserts qualified immunity at summary judgment, the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established." *Becker* v. *Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013) (internal quotation marks omitted). "Only if the plaintiff has satisfied both steps is qualified immunity defeated." *Morris* v. *Noe*, 672 F.3d 1185, 1191 (10th Cir. 2012). "For a constitutional right to be clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Panagoulakos* v. *Yazzie*, 741 F.3d 1126, 1129 (10th Cir. 2013) (internal quotation marks omitted).

## THE INDIVIDUAL OFFICERS ARE ENTITLED TO QUALIFIED IMMUNITY FOR PLAINTIFF'S MALICIOUS PROSECUTION CLAIM

The ultimate question in a malicious prosecution tort case "is whether plaintiff has proven the deprivation of a constitutional right." *Novitsky* v. *City of Aurora*, 491 F.3d 1244, 1257-58 (10th Cir. 2007). In the § 1983 malicious prosecution context, that constitutional right is the plaintiff's Fourth Amendment right to be free from unreasonable seizures. *Taylor* v. *Meacham*, 82 F.3d 1556, 1561 (10th Cir. 1996). *See also Montoya* v. *Vigil*, 898 F.3d 1056, 1062 (10th Cir. 2018) (analyzing a malicious prosecution claim in terms of the Fourth Amendment). The common law elements of malicious prosecution are the 'starting point for the Court's analysis of Mr. Osterhout's § 1983

3

malicious prosecution claim. *Wilkins* v. *DeReyes*, 528 F.3d 790, 797 (10th Cir. 2008). The elements of a § 1983 claim for malicious prosecution have been defined by the Tenth Circuit as follows: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Montoya*, 898 F.3d at 1066 (quoting *Wilkins*, 528 F.3d at 799).

Officers may be liable for malicious prosecution if they "conceal or misrepresent material facts to the prosecutor whose judgment was thereby influenced by the misstatements." *Calvert* v. *Ediger*, 415 F.App'x. 80, 83 (10th Cir. 2011).   With respect to element two (2), the Supreme Court in *Thomson* v. *Clark* clarified that an "an affirmative indication of actual innocence is not required to establish favorable termination in a malicious prosecution case." *Carbajal* v. *Watada*, No. 21-1370, 2024 WL 3887252, at *1 (10th Cir. Aug. 21, 2024) (citing *Thompson* v. *Clark*, 596 U.S. 36 (2022).  Instead, a plaintiff need only show that his prosecution ended without a conviction. *Thompson,* 569 U.S. at 36.  For instance, in *Carbajal*, the favorable termination element was satisfied when the criminal charges were dropped, although the district attorney did not explicitly attribute this to the defendant's actual innocence. 2024 WL 3887252, at *4. In the present case, the arguments posed by the moving Defendants heavily attack Plaintiff's ability to support the second and third elements of the prima facie case. In the interest of efficiency, the Court will address element three first, as it is the most clearly dispositive issue.

Central to Plaintiff's malicious prosecution claim against Defendant Morgan and Defendant Timms is his assertion that there was no probable cause for the arrest. The evidence in the record shows that there was arguable probable cause to prosecute Mr. Osterhout for eluding an officer. [*See* Dkt. No. 136-12, p. 2-4; ex. 18.]  It is undisputed that the Plaintiff was traveling

"quickly" away from law enforcement, ran a stop sign, and did not immediately stop when the officers activated their lights.[1] [Dkt. No. 135-5 Trial Transcript Vol. I., 138:1-25; 139:1-25.] Accordingly, the officers had probable cause to arrest Plaintiff for the crime of attempting to elude a police officer. Plaintiff argues, however, that we should analyze the two charges separately and that even where probable cause existed for the first charge, because the second charge may be unsupported by probable cause, he can nevertheless sustain a claim for malicious prosecution based on that charge alone.

It is unclear whether we can analyze the charges separately for the purposes of a malicious prosecution claim. Because the Defendants asserted a qualified immunity defense, we need not guess at an answer. Various circuits disagree whether the charges may be analyzed separately. *Kossler* v. *Crisanti*, 564 F.3d 181, 193–94 & n. 8 (3d Cir. 2009) (en banc); see also *Ruff* v. *Eckerds Drugs, Inc*., 265 S.C. 563, 220 S.E.2d 649, 651 (1975) ("[A]n action for malicious prosecution should not be available, where, as here, both charges arise out of the same set of circumstances."). For instance, the Third Circuit has expressly held that probable cause to pursue one charge "preclude[s] the plaintiff from proceeding with [a] malicious prosecution claim with respect to any" other charge brought simultaneously against her and arising from the same set of facts. *Kossler,* 564 F.3d at 193–94 & n. 8. Other circuits disagree, reasoning that "when it comes to

---

[1]"Arguable probable cause exists where 'a reasonable police officer in the same circumstances and with the same knowledge and possessing the same knowledge as the officer in question could have reasonably believed that probable cause existed in light of well-established law.'" *Felders ex rel. Smedley* v. *Malcom*, 755 F.3d 870, 879 (10th Cir. 2014) (quoting *Fleming* v. *Livingston Cnty*., 674 F.3d 874, 880 (7th Cir. 2012)) (emphasis in original). *See Holmes*, 830 F.3d at 1140 ("[I]n the § 1983 qualified-immunity context, an officer may be mistaken about whether he possesses actual probable cause to effect an arrest, so long as the officer's mistake is reasonable—viz., so long as he possesses 'arguable probable cause.'") (citations omitted); *Stonecipher* v. *Valles*, 759 F.3d 1134, 1141 (10th Cir. 2014) ("Arguable probable cause is another way of saying that the officers' conclusions rest on an objectively reasonable, even if mistaken, belief that probable cause exists."). The Court is aware that Plaintiff asserts that he stopped once he saw the officer's lights, however under the circumstances it was reasonable for the officers to infer that an individual who did not stop once lights and sirens were activated, was attempting to elude the officers, especially given the fast rate of speed. Furthermore, the officers would not necessarily be aware of when exactly the Plaintiff first noticed the lights.  They would only know when the lights were activated.

prosecution, the number and nature of the charges matters"—extra charges may impose extra costs and each may be attacked separately. *Holmes* v. *Vill. of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir.2007); accord *Posr* v. *Doherty*, 944 F.2d 91, 100 (2d Cir.1991). There is no clear answer from the Tenth Circuit or the Supreme Court on this issue. Accordingly in the absence of clearly established law, Defendant Timms and Defendant Morgan are entitled to qualified immunity. *See Van De Weghe* v. *Chambers*, 569 Fed. Appx. 617, 619-20 (10th Cir.2014) (holding that officer was entitled to qualified immunity when a Plaintiff who failed to identify any clearly established law suggesting that "a claim for malicious prosecution lies when one charge is supported by probable cause but other simultaneous charges arising from the same set of facts are not.").

In the present case, because it is not clearly established that we can analyze the charges separately and probable cause existed to prosecute Mr. Osterhout for evading an officer, the Plaintiff failed to support a prima facie case of malicious prosecution. Thus, Defendant Morgan and Defendant Timms are entitled to summary judgment on the basis of qualified immunity. Therefore, Defendant Kendall Morgan's Motion for Summary Judgment and Brief in Support [Dkt. No. 138] is hereby GRANTED and the Amended Motion for Summary Judgment of Defendant Jason Timms & Brief in Support [Dkt. No. 137] is also hereby GRANTED.

## LEFLORE COUNTY SHERIFF

The LeFlore County Sheriff, in his official capacity is also entitled to summary judgment on Plaintiff's malicious prosecution claim. Dkt. No. 136. The Plaintiff does not allege that LeFlore County Sheriff ("the Sheriff") personally participated in the alleged malicious prosecution. Instead his claims against the Sheriff are based on a municipal liability theory of recovery, and "represent[] only another way of pleading an action against an entity of which an officer is an agent." *Burke* v. *Regalado*, 935 F.3d 960, 998 (10th Cir. 2019) quoting *Monell* v. *Dep't of Soc. Servs.*, 436 U.S.

658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). To enforce liability against the Sheriff in his official capacity, the Plaintiff, must show "(1) the existence of a municipal policy or custom, and (2) that there is a direct causal link between the policy and custom and the injury alleged." *Jensen* v. *W. Jordan City*, 968 F.3d 1187, 1204 (10th Cir. 2020) (internal citations omitted). Municipal policy includes policy statements, ordinances, regulations, and the individual decisions of city officials who have "final policy making authority" *David* v. *City and Cty. of Denver*, 101 F.3d 1344, 1357 (10th Cir. 1996). Liability may also be imposed when policymakers ratify or approve of their subordinate's wrongful conduct. *Carney* v. *City and Cty. of Denver*, 534 F.3d 1269, 1274 (10th Cir. 2008).

Furthermore a plaintiff may also impose municipal liability based on a failure to adequately train officers if he can show that "the failure to train in a relevant respect amounts to deliberate indifference to the constitutional rights of persons with whom the police come into contact." *City of Canton, Ohio* v. *Harris,* 489 U.S. 378, 379, 109 S. Ct. 1197, 1200 (1989). In the Tenth Circuit has a plaintiff can recover for failure to train if he proves:

(1) the existence of a county policy or custom involving deficient training,
(2) the policy or custom's causation of injury, and
(3) the county's adoption of a policy or custom with deliberate indifference.

*Lance* v. *Morris*, 985 F.3d 787, 801 (10th Cir. 2021). In this context, deliberate indifference is a stringent standard that requires notice that the municipality ignored a known or obvious risk that is very likely to result in a violation of a person's constitutional rights. *See Connick* v. *Thompson*, 563 U.S. 51, 61 (2011). ("When City policymakers are on actual or constructive notice that particular omission in their training program causes city employees to violate citizens' constitutional rights, city may be deemed 'deliberately indifferent'… if they choose to retain that program.") A pattern of similar constitutional violations by untrained

employees is "ordinarily necessary" to demonstrate deliberate indifference for purposes of failure to train[2]. *Connick*, 563 U.S. at 62. Additionally, with respect to the failure to supervise claim, supervisory status alone does not confer liability, instead, the Plaintiff must show that the supervisor disregarded a "known or obvious risk" that is very likely to result in a violation of an individual's constitutional rights. *Berry* v. *City of Muskogee, Okla*. 900 F.2d 1489. 1496 (10th Cir. 2009).

Even if the Plaintiff could demonstrate that his constitutional rights were violated, which is not clear in this case, the evidence in the record does not indicate that the alleged violation was caused by any policy or custom of the Sheriff. The Plaintiff fails to identify a policy, custom, practice, or pattern of tortious conduct of the Sheriff's office that indicates that the municipality had "actual or constructive notice that it's action or failure to act was substantially certain to result in a constitutional violation, and that it consciously or deliberately chose to disregard the risk of harm." *Schneider* v. *City of Grand Junction Police Dep't*, 717 F.3d 760, 771 (10th Cir. 2013). Furthermore, Plaintiff does not point to any evidence in the record suggesting that the LCSO had allowed a pattern of constitutional violations like those alleged or that the Sheriff ratified known violations of policy.

The only policies the Plaintiff identifies are related to the officers' training. *See* Dkt. No. 145 at 21- 24. Municipal liability can only be based on inadequate training when the failure amounts to a deliberate indifference to the individual's constitutional rights, and this conclusion is not supported by the summary judgment record. *City of Canton*, 489 U.S. at 388. The record does

---

[2] The Tenth Circuit has also adopted a three part test to help determine whether a problem would recur sufficiently to necessitate additional training: "(1) The County's policymakers know to a moral certainty that employees will confront a given situation, (2) the situation either presents the employee with a difficult choice of the sort training or supervision would make less difficult, and (3) the wrong choice will frequently cause the deprivation of the citizen's constitutional rights. *Lance* v. *Morriss*, 985 F.3d 787, 802 (10th Cir. 2021) (internal citations and quotations omitted).

not support this conclusion. Plaintiff alleges that the Sheriff failed to train officers to complete accurate and honest reports and probable cause affidavits. Dkt. No. 22 at ¶ 42. Additionally, the evidence in the record demonstrates that both Defendants Timms and Morgan were, as required, CLEET certified officers, a program that includes training on reports and affidavits. Dkt. No. 136 Exs. 24 & 25. Timms and Morgan CLEET records. Furthermore, Defendant Morgan testified that he knew he needed to be truthful on reports and affidavits, and that he did not need additional training. Dkt. No. 149 at 4 citing Ex. 1, Morgan Depo., Vol II.,. P. 18:1; p. 19:3-24; p. 36: 1-9. Furthermore, the Plaintiff does not point to any evidence suggesting that the Sheriff's office knew their current training regime would create a risk of this particular harm.

Because Plaintiff has failed to demonstrate that the training regimen required by the LeFlore County Sheriff's Office was deficient in a way that caused his alleged constitutional injury, he ultimately fails to show the first two elements of the claim. *See Rollins* v. *Town of Haskell,* 2009 WL 3614784 (E.D.Okla.2009) (officer who was certified by CLEET training and provided access to county policies was sufficiently trained to preclude tort liability against employing municipality for a negligent training claim). Moreover, the Plaintiff also fails to clear the higher bar required to establish that the Sheriff's office was deliberately indifferent to the known risk inadequate training posed to Plaintiff's rights.

Therefore, the Amended Motion for Summary Judgment of Defendant Jason Timms & Brief in Support [Docket No. 137] is hereby GRANTED, Defendant Kendall Morgan's Motion for Summary Judgment with Brief in Support [Docket No. 138] is hereby GRANTED, and the Defendant LeFlore County Sheriff's Motion for Summary Judgment and Brief in Support [Docket No. 136] is hereby GRANTED.

IT IS SO ORDERED this 18th day of December, 2024.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**